# EXHIBIT A

# BFL METAL PRODUCTS CO. LTD v. RDFN FUM NATURAL PRODUCTS et al

# Nov. 27, 2024 Motion to Disqualify Defendants' Counsel (D.E. 27)

ROBERT H. THORNBURG

GIULIA FARRIOR

FEBRUARY 26, 2025



1

# APPLICABLE PROFESSIONAL CONDUCT STANDARD: MOTIONS TO DISQUALIFY COUNSEL

**S.D. Fla. Local Rule 11.1(C): Professional Conduct**

The standards of professional conduct of members of the Bar of this Court shall include the current Rules Regulating the Florida Bar.

**Rule 4-1.9(a)&(b) of the Rules Regulating the Florida Bar:**

A lawyer who has formerly represented a client in a matter must not afterwards:

**(a)** represent another person in the same or **a substantially related matter** in which that person's interests are **materially adverse to the interests of the former client** unless the former client gives informed consent; [or]

**(b)** **use information** relating to the representation **to the disadvantage of the former client** except as these rules would permit or require with respect to a client or when the information has become generally known.

2

# APPLICABLE PROFESSIONAL CONDUCT STANDARD: MOTIONS TO DISQUALIFY COUNSEL

**Rule 4-1.9(a) of the Rules Regulating the Florida Bar:**

A lawyer who has formerly represented a client in a matter must not afterwards:  **(a)** represent another person in the same or a **substantially related matter** in which that person's interests are **materially adverse to the interests of the former client** unless the former client gives informed consent.

**Comment to Rule 4-1.9(a):** "Matters are '**substantially related**' [ ] if they involve the same transaction or legal dispute, or if the current matter would involve **the lawyer attacking work that the lawyer performed for the former client**."

The "term "**substantially related**" refers to whether the previous matters are akin to the present action in a way that **a reasonable person would understand as important to the issues**."  ***Senesac v. Winn-Dixie Stores***, 2010 U.S.Dist. LEXIS 154317, at *8 (S.D. Fla. June 17, 2010)

3

# APPLICABLE PROFESSIONAL CONDUCT STANDARD: MOTIONS TO DISQUALIFY COUNSEL

**Rule 4-1.9(a) of the Rules Regulating the Florida Bar:**

A lawyer who has formerly represented a client in a matter must not afterwards: **(a)** represent another person in the same or a **substantially related matter** in which that person's interests are **materially adverse to the interests of the former client** unless the former client gives informed consent.

Satisfying the "**substantial relationship**" test does not require the moving party to delineate with specificity the actual confidential information obtained via the former representation; nor proof of actual knowledge – presence at meetings discussing client matters and/or representation in a prior lawsuit more than meets Rule 4-1.9(a). *Herrmann v. GutterGuard, Inc*., 199 Fed. App'x 745, 756 (11th Cir. Sept. 11, 2006).

4

# APPLICABLE PROFESSIONAL CONDUCT STANDARD: MOTIONS TO DISQUALIFY COUNSEL

**S.D. Fla. Local Rule 11.1(C): Professional Conduct**

The standards of professional conduct of members of the Bar of this Court shall include the current Rules Regulating the Florida Bar.

**Rule 4-1.10(a) of the Rules Regulating the Florida Bar:**

**Imputed Disqualification of All Lawyers in Firm.** While lawyers are associated in a firm, **none of them may knowingly represent a client when any 1 of them practicing alone would be prohibited from doing so by rule [ ] 4-1.9** except as provided elsewhere in this rule, or unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

5

# APPLICABLE PROFESSIONAL CONDUCT STANDARD: MOTIONS TO DISQUALIFY COUNSEL

When defense counsel has an '**informational advantage**' based upon five years of providing plaintiff legal advice in an '**informal manner**' – the "disclosure of confidences is presumed and disqualification follows." **Sutton v. Seaman**, 2014 U.S. Dist. LEXIS 201234, at * 12-13 (S.D. Fla. Jan.24, 2014) ("Defendants through counsel would gain an unfair informational advantage and could use such information to the Plaintiff's disadvantage - the fact that [plaintiff's former counsel] will more than likely be a material witness in this action all weigh heavily in favor of granting Plaintiff's motion to disqualify").

**Actual "proof of prejudice" is not required** to disqualify, 2 years of representation raises the "irrefutable presumption" of confidences being disclosed. ***State Farm Auto Isn. Co. v. K.A.W***., 575 So. 2d 630, 634 (Fla. 1991) (disqualification as counsel "**cannot erase from his mind the confidences he received** from his former client or the plan of defense . . . . the possibility of conflict of interest and the appearance of it are too strong to ignore.").

6

# APPLICABLE PROFESSIONAL CONDUCT STANDARD: MOTIONS TO DISQUALIFY COUNSEL

A related "similarity situated" Plaintiff, that was not the actual client that Defendants' counsel represented, may move to disqualify when such representation of the prior/related client caused counsel to obtain litigation-related information about Plaintiff (and the underlying facts overlap).  ***Bedoya v. Aventura Limousine & Transp. Service, Inc***., 2012 U.S. Dist. LEXIS 59862, at *27-35 (S.D. Fla. Apr. 30, 2012 (J. Altonaga) ("Kleppin's representations on behalf of Talbot, Kaufman, and Kralovic further support his disqualification on the basis of a conflict of interest.")

7

# CHRONOLOGY GIVING RISE TO JOHNSON & MARTIN'S CONFLICT OF INTEREST:
# CONFLICT #1: Prosecution & Maintenance of FUM Registration

| Date | Relevant Date / Activity by Johnson & Martin |
|---|---|
| May 2, 2014 | Johnson & Martin filed U.S. Trademark Application Serial No. 86/270,524 for **FUM** on behalf of Partes Mundo Ltd. (Exhibit 34 to Motion to Disqualify – ECF No. 27) |
| Feb. 23, 2015 | Johnson & Martin filed an Office Action response with the U.S. Patent and Trademark Office regarding Serial No. 86270524 for **FUM** (Exhibit 35 to Motion to Disqualify – ECF No. 27) |
| July 21, 2015 | U.S. Patent and Trademark Offices issued U.S. Registration No. 4,775,267 for **FUM** (Exhibit 36 to Motion to Disqualify – ECF No. 27) – with Johnson & Martin as counsel of record. |
| Dec. 2, 2016 | Partes Mundo Ltd. assigned U.S. Registration No. 4,775,267 for **FUM** to Tampa FUM Corp (Ex. A to BFL's Response in Opposition to Motion for Leave to File Sur-reply – ECF No. 50) |
| Aug. 2021 | Johnson & Martin provided legal advice to Ken Villei / Tampa FUM, Corp. as to the continued use / renewal of U.S. Registration No. 4,775,267 for **FUM,** as well as analysis of potential infringement by Defendants (BFL's Notice of Supplemental Authority – ECF No. 56) |

**Ken Villei February 11, 2025 Depo., Page 79: Lines 2-22 (ECF No. 56):**
Q:  Did [Tampa FUM Corp] ever speak to a lawyer about [the FUM non-nicotine brand]?

A:  [T]he [ ] first lawyer [Tampa FUM Corp] talked to was David Johnson from [Johnson & Martin] where the trademark was coming due [for renewal].  I knew there were other FUMs on the market ... I didn't know about the Canadian, how much money they had . . . in 2019-2020, it wasn't prevalent in stores[.]"

8

# CHRONOLOGY GIVING RISE TO JOHNSON & MARTIN'S CONFLICT OF INTEREST:
# CONFLICT #1: Prosecution & Maintenance of FUM Registration

| Date | Relevant Date / Activity by Johnson & Martin |
|---|---|
| Aug. 2021 | Ken Villei discussed (telephonically) with David Johnson of Johnson & Martin about the process to renew U.S. Registration No. 4,775,267 for **FUM** |
| Aug. 2021 | Johnson & Martin held an in-office consultation with Ken Villei / Tampa FUM, Corp. to review specimens of use to address renewal of the trademark / continued use in commerce. |

**Ken Villei February 11, 2025 Depo, Page 235: Lines 16-20 (ECF No. 56):**
Q: Were you aware that FUME LLC, in September 2021, was renewing [U.S. Registration No. 4,775,267 for **FUM**]?

A: I was asked by David Johnson if I wanted to renew it, and I was told . . . . that I did not need to renew it, that [Fume LLC] would do that.

**Ken Villei February 11, 2025 Depo, Page 237: Line 20 – Page 238: Line 2:**
"…I actually brought products to David [Johnson]'s office to show him, as we were doing this, about the trademark and to discuss how we wanted to tailor that because he was involved in the -- the process. And also he was the first one that processed the first trademark with Partes Mundo[.]"

9

# CHRONOLOGY GIVING RISE TO JOHNSON & MARTIN'S CONFLICT OF INTEREST:
# CONFLICT #1: Prosecution & Maintenance of FUM Registration

| Date | Relevant Date / Activity by Johnson & Martin |
|---|---|
| Aug. 2021 | Ken Villei discussed (telephonically) with David Johnson of Johnson & Martin about the process to renew U.S. Registration No. 4,775,267 for **FUM** |
| Aug. 2021 | Johnson & Martin held an in-office consultation with Ken Villei / Tampa FUM Corp to review specimens of use to address renewal of the trademark / continued use in commerce. |

**Ken Villei February 11, 2025 Depo, Page 402: Line 19 – Page 403: Line 15 (ECF No. 56):**
Q: [F]or what time period do you recall David Johnson and is law firm [served] as your trademark counsel?
A: . . . I believe in 2021 . . . Probably about a month before the [trademark assignment] agreement was signed [with Fume LLC].
Q: 2021?
A: [September 3,] 2021 was the trademark assignment.   Right before – a month before the trademark agreement was signed.
Q:  Okay.  You contacted [David Johnson]?
A:  Yes.
Q: For what purpose?
A:  [T]he trademark was coming due and he wanted to know if I wanted to continue it.
Q:  Okay.  Did you provide him with samples . . . ?
A:  Yes.
Q:  Okay.  For what purpose?
A:  To show him the mark was still in use.

10

# CHRONOLOGY GIVING RISE TO JOHNSON & MARTIN'S CONFLICT OF INTEREST:
# CONFLICT #1: Prosecution & Maintenance of FUM Registration

| Date | Relevant Date / Activity by Johnson & Martin |
|---|---|
| Aug. 2021 | Ken Villei discussed (telephonically) with David Johnson of Johnson & Martin about the process to renew U.S. Registration No. 4,775,267 for **FUM** |
| Aug. 2021 | Johnson & Martin held an in-office consultation with Ken Villei / Tampa FUM Corp to review specimens of use to address renewal of the trademark / continued use in commerce. |

**Ken Villei February 11, 2025 Depo, Page 403: Line 22 – Page 404: Line 7 (ECF No. 56):**
Q: [D]id [David Johnson] provide you counsel during that period [August 2021]?
A: He did.
Q: For what purpose?
A: The trademark consultation about . . what was needed to be done.
Q: Is that including renewing your trademark . . . Registration?
A: Registration, yes.

**Ken Villei February 11, 2025 Depo, Page 408: Lines 16-25 (ECF No. 56):**
Q: How many times have you visited Johnson & Martin's law office?
A:  I believe I was there three or four times.
Q:  And what time periods?
A: This is in the same time period that I was seeking advice for the [September 3, 2021] trademark agreement and the registration, for the continuance, reup.
Q: Is that 2021 timeframe?
A: Yes, correct.

11

# CHRONOLOGY GIVING RISE TO JOHNSON & MARTIN'S CONFLICT OF INTEREST:
# <u>CONFLICT #1</u>: Prosecution & Maintenance of FUM Registration

| Date | Relevant Date / Activity by Johnson & Martin |
|---|---|
| Sept. 3, 2021 | Tampa FUM Corp assigned U.S. Registration No. 4,775,267 for **FUM** to Fume LLC (Exhibit B to BFL's Response in Opposition to Motion for Leave to File Sur-reply – ECF No. 50) |
| Sept. 9, 2021 | Maintenance documents for U.S. Registration No. 4,775,267 for **FUM** filed with the U.S. Patent and Trademark Office indicating new trademark counsel (Exhibit 37 to Motion to Disqualify – ECF No. 27) |
| July 2022 | Fume LLC assigned U.S. Registration No. 4,775,267 for **FUM** to BFL (Exhibit 33 to Motion to Disqualify – ECF No. 27) |
| Sept. 1, 2022 | Johnson & Martin requested Allen, Dyer, Doppelt & Gilchrist to send all trademark assignments which were exhibits to the settlement agreement between Fume LLC and BFL |
| Sept. 1, 2022 | Allen, Dyer, Doppelt & Gilchrist sends to Johnson & Martin an executed copy of trademark assignment for U.S. Registration No. 4,775,267 for **FUM** |

12

# CHRONOLOGY GIVING RISE TO JOHNSON & MARTIN'S CONFLICT OF INTEREST:
# CONFLICT #2: Johnson & Martin's Representation of BFL

| Date | Relevant Date / Activity by Johnson & Martin |
|---|---|
| Nov. 22, 2021 | Johnson & Martin filed U.S. Trademark Application Serial No. 97137947 for **FUME** (Exhibit 9 to Motion to Disqualify – ECF No. 27) |
| Nov. 22, 2021 | Johnson & Martin filed U.S. Trademark Application Serial No. 97138107 for **FUME VAPES and Design** (Exhibit 11 to Motion to Disqualify – ECF No. 27) |
| Nov. 22, 2021 | Johnson & Martin filed U.S. Trademark Application Serial No. 97138092 for **FUME and Design** (Exhibit 14 to Motion to Disqualify – ECF No. 27) |
| Nov. 23, 2021 | Johnson & Martin filed a Notice of Opposition before the Trademark Trial and Appeal Board against Fume LLC asserting BFL's rights in **FUME** and related marks (Exhibit 29 to Motion to Disqualify – ECF No. 27) |

**Note 1:** Johnson & Martin represented BFL at the US Patent & Trademark Office from November 2021 to July 6, 2023 (for 20 months) – and in doing so filed 7 federal trademark applications & assumed 2 additional applications.

**Note 2:** Johnson & Martin's representation ceased less than 11 months before the June 12, 2024 filing of this lawsuit asserting rights to the **FUM** Registration.

**Note 3:** BFL obtained the rights to the U.S. Registration No. 4,775,267 for **FUM** in July 2022 (<u>12 months</u> before the firm stopped representing BFL) – and BFL circulated / discussed this trademark assignment via email to Johnson & Martin on Sept. 1, 2022 (i.e. <u>10 months</u> before the firm stopped representing BFL).

13

# CHRONOLOGY GIVING RISE TO JOHNSON & MARTIN'S CONFLICT OF INTEREST:
# <u>CONFLICT #2</u>: Johnson & Martin's Representation of BFL

| Date | Relevant Date / Activity by Johnson & Martin |
|---|---|
| Nov. 23, 2021 | Johnson & Martin filed a Notice of Opposition before the Trademark Trial and Appeal Board against Fume LLC asserting BFL's rights in **FUME** and related marks (Exhibit 29 to Motion to Disqualify – ECF No. 27) |

**Notice of Opposition filed by Johnson & Martin for BFL included the following six key representations:**

**Para 2:** "<u>Since at least as early mid-2020, Opposer has owned and continuously used the mark "FUME"</u> ("Opposer's FUME Mark") in commerce in connection with electronic cigarette products throughout the United States and world."

**Para 3**: "Opposer is the owner of U.S. Trademark Application Serial No. 97137947 ("Opposer's FUME Application") for the FUME Mark covering "Electronic cigarettes; chemical flavorings in liquid form used to refill electronic cigarette cartridges; liquid nicotine solutions for use in electronic cigarettes; flavorings, other than essential oils, for use in electronic cigarettes" in International Class 034, filed on November 22, 2021. <u>Opposer and its licensees have continuously used and are using Opposer's FUME Mark in commerce for the goods set forth in the application."</u>

**Para 8:** "<u>Opposer and/or its licensees have expended considerable time, effort, and expense in advertising and promoting Opposer's FUME Marks</u> and the goods associated with them throughout the United States and world, with the result that the purchasing public has come to know and recognize e-cigarette products of the Opposer via its FUME Marks. **Opposer has exceedingly valuable goodwill established in its FUME Marks and the marks have become well-known.**"

**Para 11:** "As can be seen, Applicant's FUME Marks are identical to Opposer's FUME Marks**. One or more of Applicant's owners, or entity they owned,** was previously a **distributor/licensee for Opposer**, and it is apparent that Applicant is now trying to willfully and intentionally register and use Opposer's FUME Marks without authorization from Opposer and to circumvent Opposer. Applicant's actions are deceptive, and Applicant is not the rightful owner of the FUME Marks."

**Para 12:** "While Applicant claims a date of first use of November 2018, Applicant was not even formed until 2020. Additionally, any claimed use of the FUME Marks by any of Applicant's owners, members or affiliated entities was as **a licensee of Opposer.** In fact, the specimens submitted by Applicant in connection with the subject applications appear to be images of Opposer's goods."

"Please recognize as attorney for Opposer in this proceeding Joshua D. Martin (member of the Florida Bar and North Carolina Bar) **and the law firm Johnson & Martin, P.A.**, 500 West Cypress Creek Road, Suite 430, Fort Lauderdale, FL 33309."

14

# CHRONOLOGY GIVING RISE TO JOHNSON & MARTIN'S CONFLICT OF INTEREST:
# CONFLICT #2: Johnson & Martin's Representation of BFL

| Date | Relevant Date / Activity by Johnson & Martin |
|---|---|
| March 8, 2022 | Notice of Appearance filed by Allen, Dyer, Doppelt & Gilchrist in BFL-initiated Opposition Proceeding before the Trademark Trial and Appeal Board, ending Johnson & Martin's representation (Exhibit 30 to Motion to Disqualify – ECF No. 27) |
| July 2022 | Fume LLC assigned U.S. Registration No. 4,775,267 for **FUM** to BFL (Exhibit 33 to Motion to Disqualify – ECF No. 27) – 1 year prior to Johnson & Martin withdrew on July 6, 2023 |
| **Aug. 10, 2022**: | Johnson & Martin initially requested Allen, Dyer, Doppelt & Gilchrist send an executed copy of the settlement agreement between Fume LLC and BFL (which resolved the opposition proceeding before the Trademark Trial and Appeal Board and resulted in BFL's acquisition of U.S. Registration No. 4,775,267 for **FUM**) |
| **Aug. 11, 2022** | Johnson & Martin sent a follow up request to send an executed copy of the settlement agreement between Fume LLC and BFL, stating the documents were relevant for BFL's trademark matters in Central America - and that same day Allen Dyer Doppelt & Gilchrist sent the settlement agreement. |

**Note 1: September 1, 2022:** Johnson & Martin requested all trademark assignments which were exhibits to the settlement agreement between Fume LLC and BFL

**Note 2: September 1, 2022:** Allen, Dyer, Doppelt & Gilchrist sends to Johnson & Martin an executed copy of trademark assignment for U.S. Registration No. 4,775,267 for **FUM**

15

# CHRONOLOGY GIVING RISE TO JOHNSON & MARTIN'S CONFLICT OF INTEREST:
# CONFLICT #2: Johnson & Martin's Representation of BFL

| Date | Relevant Date / Activity by Johnson & Martin |
|---|---|
| Oct. 24, 2022 | Trademark Assignment between Fume LLC and BFL recorded with the United States Patent and Trademark Office (8 months before Johnson & Martin ended representation of BFL) |
| Mar. 2, 2023 | Johnson & Martin filed an Office Action response with the U.S. Patent and Trademark Office regarding Serial No. 97/137,947 for **FUME** (Exhibit 17 to Motion to Disqualify – ECF No. 27) |
| Mar. 2, 2023 | Johnson & Martin filed an Office Action response with the U.S. Patent and Trademark Office regarding Serial No. 97138107 **FUME VAPES and Design** mark (Exhibit 18 to Motion to Disqualify – ECF No. 27) |
| Mar. 2, 2023 | Johnson & Martin filed an Office Action response with the U.S. Patent and Trademark Office regarding Serial No. 97138092 for **FUME and Design** (Ex. 21 to Motion to Disqualify) |
| July 6, 2023 | Johnson & Martin's representation ended as to **FUME**, **FUME VAPES and Design**, **FUME and Design** marks (Exhibits 22-23, 26 to Motion to Disqualify – ECF No. 27) |
| June 12, 2024 | BFL filed its original Complaint against Defendants (ECF No. 1) |
| Aug. 6, 2024 | BFL's counsel holds conference call with Michael P. Kahn from Akin Gump Strauss Hauer & Feld, LLP regarding representation of Defendants |
| Aug. 12, 2024 | Johnson & Martin, via Mr. Nelles, contacted BFL's counsel to advise of representation of Defendants and request for BFL to waive conflict |
| Aug. 15, 2024 | Allen, Dyer, Doppelt & Gilchrist, reiterated BFL's position that a conflict existed |
| Nov. 4, 2024 | 10 Weeks after BFL advises as to conflict of interest - RDFN filed its Answer and Affirmative Defenses (ECF No. 15) with Johnson & Martin as its defense counsel. |

16

# INCONSISTENCIES WITH JOHNSON & MARTIN'S DECLARATIONS IN OPPOSITION TO DISQUALIFICATION:
## Declaration of David Johnson (ECF No. 36)

| Declaration of David Johnson (ECF No. 36) | Evidence Contradicting Johnson's Statements |
|---|---|
| **Paragraph 8:** "None of the work performed by J&M in connection with the former representation of Plaintiff related in any way, let alone substantially, to the Asserted FUM mark." | *See August & September* 2022 email correspondence between Allen, Dyer, Doppelt + Gilchrist and Johnson & Martin – where David Johnson requested executed copy of settlement agreement between BFL & Fume LLC, including attached trademark assignments<br>• Trademark assignment for **FUM** Registration was provided to David Johnson via email. |
| **Paragraph 14:** "Plaintiff never disclosed any confidences to the Firm that have any relationship or relevance to this case." | See above. |
| **Paragraph 15:** "Never did J&M learn information from Plaintiff concerning its use, maintenance, or enforcement of the Asserted FUM Mark." | See above. |
| **Paragraph 23:** "J&M never rendered legal advice to Plaintiff concerning the alleged enforceability of the Asserted FUM Mark, whether against RDFN or otherwise, **never even heard of RDFN prior to the filing of this lawsuit,** and otherwise has zero knowledge about and zero possession of any documents responsive to the discovery requests RDFN served on Plaintiff in the litigation." | **K. Villei February 11, 2025 Depo.** *Pg 79, Lines* **2-22:**<br>Q. Did you ever speak to a lawyer about [the FUM non-nicotine brand]?<br>A. [T]he only [ ] lawyer I talked to was David Johnson . . . because . . . the trademark was coming due[.]. I knew there were others FUMs on the market . . . So . . . . about the Canadian [ ] I hadn't seen -- like, at that time in 2019-2020, it wasn't prevalent [.] |

17

# INCONSISTENCIES WITH JOHNSON & MARTIN'S DECLARATIONS IN OPPOSITION TO DISQUALIFICATION: Declaration of David Martin (ECF No. 36)

| Declaration of David Martin (ECF No. 36) | Evidence Contradicting David Martin's Statements |
|---|---|
| **Paragraph 5**: J&M was not involved in any respect with the settlement of the opposition proceeding and **I was never even informed,** let alone consulted, **concerning the transfer of any trademarks as part of any settlement.** J&M was no longer counsel in the opposition at the time of settlement." | *See August & September* 2022 email correspondence between Allen, Dyer, Doppelt + Gilchrist and Johnson & Martin – where David Johnson requested executed copy of settlement agreement between BFL & Fume LLC, including attached trademark assignments<br>• Trademark assignment for **FUM** Registration was provided to David Johnson via email. |
| **Paragraph 6**: "To the best of my knowledge, none of the work performed by J&M in connection with the former representation of Plaintiff related in any way, let alone substantially, to the Asserted FUM mark." | See above. |
| **Paragraph 12**: "Never did J&M learn information from Plaintiff concerning its use, maintenance, or enforcement of the Asserted FUM Mark." | See above. |
| **Paragraph 15**: "**J&M** never rendered legal advice to Plaintiff concerning the alleged enforceability of the Asserted FUM Mark, whether against RDFN or otherwise, and **never even heard of RDFN prior to the filing of this lawsuit.**" | **K. Villei February 11, 2025 Depo.** *Pg 79, Lines* **2-22:**<br>Q. Did you ever speak to a lawyer about [the FUM non-nicotine brand]?<br>A. [T]he only [ ] lawyer I talked to was David Johnson . . . because . . . the trademark was coming due[.]. I knew there were others FUMs on the market . . . So . . . . about the Canadian [ ] I hadn't seen -- like, at that time in 2019-2020, it wasn't prevalent [.] |

18