**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-cv-22267-BLOOM/Elfenbein**

BFL METAL PRODUCTS CO. LTD,

     Plaintiff,

v.

RDFN FUM NATURAL PRODUCTS, LTD.,

     Defendant.

_____/

## <u>ORDER ON MOTION TO FILE AMENDED ANSWER</u>

**THIS CAUSE** is before the Court upon Defendant RDFN FUM Natural Products, Ltd.'s

Motion to File Amended Answer, Affirmative Defenses, and Counterclaim ("Motion"), ECF No.

[70], filed on May 20, 2025. Plaintiff BFL Metal Products Co. LTD. filed a Response, ECF No.

[72], to which Defendant filed a Reply. ECF No. [73]. The Court has considered the Motion, the

record in this case, the applicable law, and is otherwise full advised. For the reasons that follow,

the Motion is denied.

Defendant seeks to amend its Answer "to add two affirmative defenses as well as add facts

to two existing affirmative defenses." ECF No. [70] ¶ 15. Defendant states "[t]he proposed

additional affirmative defenses are for unclean hands based on unlawful use in the U.S. (which

will become affirmative defense number 4) as well as abandonment through naked license[.]" *Id.*

Defendant also seeks to "assert a counterclaim for cancelation of the subject FuM Registration (the

'267 Registration) based on abandonment through naked licensing[.]" *Id.* Plaintiff responded "in

*Partial Opposition*" to the Motion, stating it "withdraws its opposition to Defendant's Motion as

to Affirmative Defense Nos. 1, 3 and 4[,] . . . reserves its right to move to strike Affirmative

Defense No. 4[,]" and requests the Court "require Defendant to move forward with either Affirmative Defense No. 8 or its Counterclaim, as both are grounded in the identical theory of abandonment through naked licensing." ECF No. [72] at 5.

On November 26, 2024, the Court ordered that all motions to amend pleadings or join parties must be filed by January 24, 2025 ("Scheduling Order"). ECF No. [24] at 2. In moving to amend its Answer, Defendant implicitly asks the Court to extend the deadline to amend pleadings by nearly four months but does not explain why such an extension is warranted. Defendant cites to Federal Rule of Civil Procedure 15(a)(2) which states that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, if the "motion for leave to amend had been filed within the time prescribed by the scheduling order, Rule 15(a) would be [the Court's] primary focus. However, because [Defendant's] motion to amend was filed after the scheduling order's deadline" Defendant must "first demonstrate good cause under Rule 16(b)" before the Court will consider whether amendment is proper under Rule 15(a)(2). *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). "[E]ven if Defendant[] could demonstrate that the amendment is proper under Rule 15, the Court must first determine whether Defendant[] has shown good cause under Rule 16(b) because Defendant['s] Motion was filed after the scheduling order's deadline." *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007). The Eleventh Circuit has emphasized the necessity of showing good cause to amend a scheduling order, noting that if the Court "considered only Rule 15(a) without regard to Rule 16(b)" it would "render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Id.*

As an initial matter, it is unclear from the Motion what new facts were uncovered by the March 2025 depositions, given that Defendant's operative Answer asserts both abandonment and

unclean hands as affirmative defenses. ECF No. [15] at 10-11. Defendant also states that its proposed "counterclaim for cancelation of the subject FuM Registration" is "based on abandonment through naked licensing, also learned during discovery of this matter thus far." ECF No. [70] at 3. However, Defendant has been asserting abandonment as an affirmative defense since it filed its original Answer on November 4, 2024. ECF No. [15] at 10-11.

Neither party addressed whether there is good cause to amend the Scheduling Order. Defendant's only explanation for the delay is that counsel was attempting to "negotiate a resolution of this lawsuit." ECF No. [70] ¶ 14. However, "[t]o establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013). Defendant does not provide an explanation as to why ongoing settlement negotiations would have prevented Defendant from filing a motion to amend its answer at the time it discovered the "extensive evidence and admissions that the Plaintiff effectively abandoned the mark[.]" *Id.* ¶ 12. Therefore, it appears that Defendant was not diligent in seeking to amend its Answer. *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1242 (11th Cir. 2009) (Plaintiff "lacked diligence, at the very least, because it waited until August 5, 2008 to file a motion to amend its complaint with information that it had known over a month before[.]"). As a result, Defendant has not shown good cause to amend the Scheduling Order.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [70]**, **is DENIED**.

Case No. 24-cv-22267-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 17, 2025.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

4